{¶ 71} Although I concur in the opinion of this court in all other respects, I write separately to note that I do not agree that the twelve counts of Rape with which Wilson was charged, on the one hand, and the count of Possession of Crack Cocaine with which Wilson was charged, on the other hand, "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 8(A). Although the fact that the police officer came to Wilson's home to investigate rape allegations may have been admissible in Wilson's drug offense trial to explain the police conduct leading to the discovery of the crack cocaine found on Wilson's person, I fail to see how evidence of the rapes, themselves, would have been relevant to any issue in Wilson's drug offense trial, and I see no basis upon which the evidence of Wilson's possession of crack cocaine would have been admissible in the trial of the rape counts.
 {¶ 72} That having been said, I would not find ineffective assistance of counsel as a result of trial counsel's having failed to move to sever the drug offense from the rape offenses. There was strong proof on each count. I find it unlikely that the result in either trial would have been different if these offenses had been tried separately.
. . . . . . . . .